IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JEREMY ORR, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 2:10-cv-04019-NKL |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

**O R D E R**

Pending before this Court is Plaintiff Ray D. Wolfe's ("Wolfe") Motion to Recuse [Doc. # 44]. For the foregoing reasons, Wolfe's motion for recusal of the undersigned is without merit and is denied.

Wolfe alleges in his unverified pleading that he believes the Court's "unjust orders and rulings" have led him to the conclusion that he wants his case heard by "District Court Judges from the Boston area" where Wolfe attended law school. A judge should recuse herself if her "impartiality might reasonably be questioned." 28 U.S.C. § 455. Recusal is required when an average person knowing all the relevant facts of a case might reasonably question a judge's impartiality. *Dossett v. First State Bank*, 399 F.3d 940, 952-53 (8th Cir. 2005); *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). "Adverse judicial rulings, however, 'almost never' constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal." *Dossett*, 399 F.3d at 953 (quoting *Liteky v. United States*, 510

1

U.S. 540, 555, (1994)).

In order for Wolfe to meet his burden of proof for recusal, he must submit an affidavit setting forth specific and sufficient facts to convince a reasonable mind of the judge's personal bias and prejudice. 28 U.S.C. § 144; *Deal v. Warner*, 369 F. Supp. 174 (W.D. Mo. 1973). The affidavit in support must strictly comply with the statutory requirements before it will effectively disqualify a judge. *See* 28 U.S.C. § 144.

When such an affidavit is presented, the factual allegations of the affidavit are accepted as true for the purpose of determining whether disqualification is legally warranted. If it is concluded the allegations, accepted as true, state sufficient grounds for recusal, the motion must be granted. If the allegations of the affidavit do not state legally sufficient grounds, the judge is duty-bound not to recuse. *United States v. Anderson*, 433 F.2d 856, 860 (8th Cir. 1970). The burden is on the affiant to establish the judge is not qualified to preside over a particular case.

Wolfe has not submitted an affidavit or set forth facts demonstrating a personal bias requiring disqualification under sections 144 or 455 of Title 28, United States Code. To be legally sufficient grounds, the U.S. Supreme Court has stated:

> The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.

*United States v. Grinnell*, 384 U.S. 563, 583 (1966). Even if the allegations in Wolfe's pleading had been presented in an affidavit, they are insufficient to warrant recusal. Thus, Wolfe's motion is insufficient to require disqualification of the undersigned.

Accordingly, it is hereby ORDERED that Defendant's Motion to Recuse [Doc. # 44] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 28, 2010  
Jefferson City, Missouri