IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JEREMY ORR et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 2:10-cv-04019-NKL ) |
| STATE OF MISSOURI, et al., | ) ) |
| Defendants. | ) ) ) |

**O R D E R**

Pending before the Court are Motions to Dismiss filed by Defendant City of Joplin [Doc. # 54], Defendant Shawn Dodson ("Dodson") [Doc. # 55], Defendant Tricia Gould ("Gould") [Doc. # 56], Defendant Lane Roberts ("Roberts") [Doc. # 57], Defendants Mark Rohr ("Rohr") and Defendant Phil Stinnett ("Stinnett") [Doc. # 59], Defendant Chris Coates ("Coates") [Doc. # 61], and Defendant Roger Housh ("Housh") [Doc. # 62]. For the reasons stated below, the Court grants these motions.

**I.  Background**

The following facts are taken from Plaintiffs' Amended Complaint [Doc. # 43] and are assumed true for purposes of these motions to dismiss. *Pro se* Plaintiffs Jeremy Orr ("Orr"), Ray D. Wolfe ("Wolfe") and Bo Lane ("Lane") filed this cause of action related to a traffic stop of Plaintiff Orr that occurred on January 23, 2010. Plaintiff Orr was driving a vehicle pulled over by Defendant police officer Adam Brannin ("Brannin"). Plaintiff Lane

1

was a passenger in the vehicle. Plaintiffs allege that Brannin improperly requested Lane's driver's license along with Orr's driver's license. After Brannin returned to his patrol car, another officer showed up, Defendant Dodson. Plaintiff Orr alleges that he informed the officers that they were unlawfully detaining him. At one point, Plaintiff Orr was placed under arrest, presumably because he was driving on a suspended license, though Orr alleges that he was not informed of such suspension. Defendant Brannin informed Orr that he was going to have his car towed and Orr stated, among other things, that he wanted his car privately towed. Plaintiff Lane contacted Plaintiff Wolfe to tow Orr's vehicle. In the meantime, the police officers had contacted a tow company and Defendants Coates and Hough arrived. Defendants Coates and Hough proceeded to tow the vehicle even though Plaintiff Wolfe told them not to tow it.

Orr was transported to the Joplin Police Department jail where he was detained. Orr alleges that upon arriving at the jail he requested pictures of his wrist because Brannin allegedly put the handcuffs on too tight, which bruised Orr's wrist and pinched a neve. Further, Orr alleges that he requested medical treatment but was denied adequate medical care by Defendant Lou Leighton, his jailer. Defendant Roberts is the Chief of Police of the Joplin Police Department. There are no allegations that he was personally involved in Orr's detention at the jail.

After this series of events occurred, Wolfe alleges he sent email correspondence to various governmental officials regarding the traffic stop, including Defendants Rohr and Stinnett, as well as the FBI, the U.S. Department of Justice, the Missouri State Highway

2

Patrol, Roy Blunt, and Claire McCaskill. Wolfe alleges that these individuals failed to investigate based on his email complaints.

Wolfe alleges that he discovered that Orr was charged with failure to insure his vehicle and driving while suspended. Orr alleges that his license was suspended without his knowledge. Orr next alleges that he went to Court on January 25, 2010, regarding his suspended driver's license and that when Defendant prosecutor Gould could not find his file, she ordered the jailer put Orr back in jail. Orr alleges he was not properly arraigned. On January 27, 2010, Orr alleges that he was released and given a 2-year suspension for driving while suspended. Orr alleges that when he went to retrieve his car, it was damaged from the tow.

Plaintiffs assert a claim under 42 U.S.C. §§ 1983, 1985, and 1986 for deprivation of constitutional rights and privileges (Count I); a claim under 42 U.S.C. § 1985 for conspiracy to deprive persons of equal protection of the laws (Count II), a claim for the intentional infliction of emotional distress (Count III), a claim for defamation (Count IV), and a claim for failure to provide adequate medical care (Count V). Plaintiffs assert Counts I and II against all of the moving defendants. Plaintiffs assert Counts III, IV and V against the moving Defendants Dodson, Roberts, Coates, and Housh. Plaintiffs assert Count V against moving Defendants Roberts and Dodson. Defendants Dodson, Gould, Roberts, Rohr, Stinnett, Coates, and Housh move to dismiss all of the counts asserted against them, asserting that Plaintiffs fail to state claims for relief against them.

**II.     Discussion**

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Discussing the Supreme Court's decisions in both *Twombly* and *Iqbal*, the Eighth Circuit has recently explained that "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009); *see also Zoltek Corp. v. Structural Polymer Group*, 2010 WL 273957, at *3 n.4 (8th Cir. Jan. 26, 2010). Moreover, on a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Although civil rights pleadings are construed liberally, "the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

### A. Defendants Rohr and Stinnett

4

Plaintiffs' complaint reveals only a few allegations against Defendants Rohr and Stinnett, namely that these individuals did not respond to an email complaint sent by Plaintiff Wolfe. Under the most liberal reading, this Complaint attempts to assert a claim against these defendants for violating and conspiring to violate equal protection and due process rights. To state a claim under 42 U.S.C. § 1983, "a complaint must allege deprivation of a right, privilege or immunity secured by the constitution and laws of the United States through the conduct of persons acting under color of state law." *Mortin v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Asserting that Defendants failed to respond to an email complaint is insufficient to state a section 1983 claim.

### 1. Equal Protection

Plaintiffs have failed to plead an equal protection violation against Defendants. The equal protection clause "prohibits government officials from selectively applying the law in a discriminatory way." *Central Airlines, Inc. v. United States*, 138 F.3d 333, 334-35 (8th Cir.1998) (citation omitted). "It protects 'fundamental rights,' 'suspect classifications,' and 'arbitrary and irrational state action.'" *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir. 1999). Plaintiffs have not asserted that they belong to a suspect class or have a fundamental right at stake. Failure to investigate an email complaint is insufficient to satisfy this standard.

Where there is no suspect classification or fundamental right at stake, the court's review is under the deferential rational basis standard. *Batra v. Board of Regents of the Univ. of Neb.*, 79 F.3d 717, 721 (8th Cir. 1996). Random government incompetence is insufficient to satisfy an equal protection violation. *See id.*, 79 F.3d at 721.

Even if Plaintiffs' Complaint is interpreted as attempting to assert a "class of one" violation, it fails. Such a claim is allowed where a plaintiff demonstrates that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir. 2009) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). Plaintiffs' Complaint fails to allege a "class of one" claim.

### 2. Due Process

Plaintiffs also fail to assert substantive or procedural due process claims against Defendants Rohr and Stinnett. To state a substantive due process claim, Plaintiffs must allege that a government action was "sufficiently outrageous' or truly irrational, that is, something more than . . . arbitrary, capricious, or in violation of state law." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 628 (8th Cir. 2001) (quoting *Anderson v. Douglas County*, 4 F.3d 574, 577 (8th Cir. 1993)). Plaintiffs' allegations that Defendants Rohr and Stinnett failed to respond to Wolfe's email are insufficient to satisfy this standard.

Further, Plaintiffs also fail to allege facts that would support a procedural due process claim. "To establish a procedural due process violation, a plaintiff need not only show a protected interest, but also must show that he or she was deprived of that interest without sufficient process." *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005). Plaintiff's allegations are insufficient to establish a violation of due process.

### 3. Section 1985 and 1986 Claims

Plaintiffs also fail to assert section 1985 and 1986 claims against Defendants Rohr and

6

Stinnett. At best, the Plaintiffs attempt to assert a cause of action under section 1985(3) for conspiracy to deprive a person of rights and privileges. In order to show a civil rights conspiracy under 42 U.S.C. § 1985(3), the Plaintiffs must prove: (1) the defendants conspired, (2) with the intent to deprive them, either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) that they or their property were injured, or they were deprived of exercising any right or privilege of a citizen of the United States. *See Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996). A claim under section 1985(3) requires proof of invidious discriminatory intent and a violation of a serious constitutional right that is protected from official and private encroachment. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993). The list of rights to which section 1985 applies is reserved to claims involving racial or class-based invidiously discriminatory animus. *Id.*

Plaintiff's conclusory allegations are insufficient to support a conspiracy claim. Moreover, Plaintiffs' addition of the FBI, a prosecutor, the State of Missouri and other governmental representatives undermines their conspiracy theory. *See, e.g.*, *Stone v. Baum*, 409 F. Supp. 2d 1164, 1176 (D. Ariz. 2005) (stating that adding judges, prosecutors, and FBI as co-conspirator for failing to investigate at the plaintiffs' request "creates a snowballing effect which ironically threatens to destroy the conspiracy claim by raising questions of factual frivolousness, which exists when the facts alleged rise to the level of the irrational, fanciful, fantastic, delusional, or wholly incredible").

Because Plaintiffs' section 1985(3) claim fails, their section 1985 claim also fails.

*See, e.g.*, *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) (cause of action under § 1986 is dependent on valid claim under § 1985). Accordingly, Plaintiffs' claims against Rohr and Stinnett are dismissed.

      **B.**    **Defendant Gould**

Gould is entitled to absolute immunity for her actions on behalf of the City of Joplin because all of her actions involved the initiation and pursuit of proceedings against Plaintiff Orr on behalf of a governmental entity. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 430-31 and n.33 (1976); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Plaintiffs argue in their opposition that Gould is liable for malicious prosecution but this claim was not pled. Plaintiffs' claims against Gould are dismissed

      **C.**    **Defendant City of Joplin**

Plaintiffs' Complaint fails to set forth a violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985, or 1986. Plaintiffs do not set forth any specific violation by the City of Joplin. However, even if Plaintiffs were asserting governmental liability, these claims fail. Municipalities and other local governmental entities can be sued under § 1983 only for the entity's unconstitutional or illegal policies or customs. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiffs' allegations are insufficient to satisfy this requirement. Plaintiffs' claims against the City of Joplin are dismissed.

      **D.**    **Defendant Roberts**

Plaintiffs' allegations against Defendant Roberts are based solely on his position as Chief of Police of the Joplin Police Department. There are no allegations that Roberts was

personally involved in Orr's detention at the jail or that Roberts somehow failed to prevent police misconduct. *Harris v. Pirch*, 677 F.2d 681, 685 (8th Cir. 1982). Plaintiffs' conclusory allegations are insufficient to support any of their claims against Roberts. Accordingly, Plaintiffs' claims against Defendant Roberts are dismissed.

### E. Defendant Dodson

The only conduct alleged against Defendant Dodson is that he transported Orr to the jail. Similar to the reasons above, this allegation is insufficient to support Plaintiffs' constitutional claims. Moreover, there are no allegations sufficient to demonstrate that the stop of Plaintiffs was a constitutional violation. *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977) (explaining that the police may lawfully stop a car they observe violating traffic laws). Plaintiffs' allegations against Dodson are insufficient to establish claims under sections 1983, 1985, or 1986.

Plaintiffs' allegation of inadequate medical care is also insufficiently pled. A jailer who is deliberately indifferent to an inmate's medical needs is subject to suit under section 1983. *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009). To establish deliberate indifference, Orr must plead that he had objectively serious medical needs and that the jailers actually knew of those needs but deliberately disregarded them. *Id.* Orr has not sufficiently pled this claim and it is accordingly dismissed.

### F. Defendants Coates and Housh

The only conduct alleged against Coates and Housh with regard to Plaintiffs' constitutional claims relates to the towing of Orr's vehicle. The towing of a vehicle does not

constitute a Fourth Amendment Violation. *See United States v. Agofsky*, 20 F.3d 866, 873 (8th Cir. 1994) (explaining that the Fourth Amendment does not require police to allow an arrested person to arrange for another person to pick up his car). Moreover, as discussed above with regard to Defendants Rohr and Stinnett, Plaintiffs' allegations are insufficient to establish claims under sections 1983, 1985, or 1986.

### G. Pendent State Claims

Plaintiffs have also asserted a variety of pendent tort claims against Defendants Dodson, Coates, and Housh based on state law. These defendants have also moved for dismissal of these pendent claims. It is well settled that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). This principle is supported by the policy that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Robison v. Via*, 821 F.2d 913, 925 (2d Cir. 1987). Although there are several defendants who have not yet been served or filed motions to dismiss among the multitude of defendants Plaintiffs have sued, the Plaintiffs' allegations are insufficient to allege violations of sections 1983, 1985 or, 1986 against any defendant. Having determined that Plaintiffs' constitutional claims are not sufficiently pled, jurisdiction of the pendent state law claims is declined. Accordingly, Plaintiff's state law claims against Defendants Dodson, Coates, and Housh are dismissed.

### III. Conclusion

Accordingly, it is hereby ORDERED that Motions to Dismiss filed by Defendant City of Joplin [Doc. # 54], Defendant Shawn Dodson [Doc. # 55], Defendant Tricia Gould [Doc. # 56], Defendant Lane Roberts [Doc. # 57], Defendants Mark Rohr and Defendant Phil Stinnett [Doc. # 59], Defendant Chris Coates [Doc. # 61], and Defendant Roger Housh [Doc. # 62] are GRANTED. Plaintiffs' claims against these defendants are dismissed.

                                         s/ NANETTE K. LAUGHREY
                                         NANETTE K. LAUGHREY
                                         United States District Judge

Dated: June 28, 2010
Jefferson City, Missouri